## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :

v.                                    :          CRIMINAL NO. 19-367

JOSEPH R. JOHNSON, JR.          :

## RESPONSE IN SUPPORT OF
## MOTION FOR CERTIFICATE OF INNOCENCE

COMES NOW, Joe Johnson, hereinafter, "Johnson", and files this Response in Support of his Motion for Certificate of Innocence (the "Motion"), (ECF No. 139), pursuant to 28 U.S.C. §2513, and in support thereof, he states:

1.      On April 4, 2022, Johnson filed a Motion for Certificate of Innocence pursuant to 28 U.S.C. §2513. Now, nearly thirty-eight days later, on May 12, 2022, the Government filed its Opposition arguing that "Johnson's motion fails because he cannot satisfy 28 U.S.C. §2513(a)(2)'s requirement that the defendant "did not by misconduct or neglect cause or bring about his own prosecution." (ECF No. 140, at 12). This argument is meritless.

2.      Contrary to the Government's contentions, Johnson has more than satisfied 28 U.S.C. §2513(a)(2)'s requirement that he "did not by misconduct or neglect cause or bring about his own prosecution", simply by demonstrating that the government here overstepped its bounds by bringing this prosecution in an unsuccessful attempt to turn Johnson's alleged conduct in this case into a federal crime against the United States and win his conviction, when, as the Third Circuit put it in reversing his unjust conviction, "only Congress enjoys the authority to turn conduct into a federal crime."

3.      *Citing Berger v. United States*, 295 U.S. 78, 88 (1935), the Third Circuit explained that "[T]he Government, through the United States Attorney, "is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." *United States v. Johnson*, 19 F.4th 248, 263 (3rd Cir. 2021). [1]

4.      Moreover, the Government over-reads the statutory requirement that a petitioner show that "he did not by misconduct or neglect cause or bring about his own prosecution," 28 U.S.C. §2513(a)(2). The Fifth Circuit, speaking through Judge Wisdom, provides a more sensible and balanced interpretation of the statute than does the Government here: "Congress excluded from the operation of the remedial provisions of the statute those who, though innocent, had negligently or willfully failed to take the necessary measures to avoid conviction." *Osborn v. United States,* 322 F.2d 835, 843 (5th Cir. 1963); *see also Betts v. United States*, 10 F.3d 1278, 1285 (7th Cir. 1993) ("The statute expressly requires a causal connection between the petitioner's conduct and his prosecution; it does not preclude relief simply because the petitioner engaged in misconduct or neglect, period.")

---

[1] It should also be noted that, in an effort to savage Johnson's unjustifiable conviction in this case, the Government abandoned its trial theory and unsuccessfully attempted to present an entirely new appellate theory that the Third Circuit rejected as being wholly without merit. *Id*. at 261-263.

5.      Simply put, Johnson having been declared by the Third Circuit as not having committed *any* offense against the United States, could not have possibly caused or brought about the prosecution through misconduct. Instead, the Government overreached and chose to bring this prosecution not to seek justice, but rather, in an unsuccessful attempt to turn Johnson's alleged conduct in this case into a federal crime against the United States and win his unjust conviction, and to accept the Government's position in its Opposition as a sound basis to justify the denial of the Motion "would be to endorse conviction merely for being bad—an outcome abhorrent to the tenet that, in our legal system, we convict people only of specific crimes." *United States v. Harra*, 985 F.3d 196, 211 (3rd Cir. 2021).

6.      Stated another way, a finding of misconduct should not be premised on offense conduct that the Government seek to have the court do here. *Betts, 10* F.3d at 1285. To do so would be to incentivize the Government for overreaching as it has done here. Johnson has clearly satisfied 28 U.S.C. §2513(a)(2)'s requirements.

## **<u>CONCLUSION</u>**

For the reasons set-forth herein, and in the Motion, the Court should grant the relief requested in the Motion.

Respectfully submitted,

Joe Johnson
Post Office Box 441572
Fort Washington, MD   20749

3

## CERTIFICATE OF SERVICE

I, Joe Johnson, hereby certify that on May 12, 2022, I mailed and caused the foregoing Response in Support of Motion for Certificate of Innocence to be electronically filed which will in turn serve a copy upon Linwood C. Wright, Jr., Assistant United States Attorney, through the District Court for the Eastern District of Pennsylvania's Electronic Case Filing (NextGen CM/ECF) system.

*Joe Johnson*
Joe Johnson

4